Andrew T. Solomon (AS 9200)
Gretchen S. Silver (GS 1534)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Fl.
New York, NY 10104
(212) 660-3000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                    :
                                                                    :
PROFESSIONAL OFFSHORE                                               :
OPPORTUNITY FUND, LTD., a company        :   08-CIV-3767 (DC)
registered under the laws of the British                            :
Virgin Islands,                                                     :
                                                                    :   **MEMORANDUM OF**
                                                                    :   **LAW IN SUPPORT OF**
                    Plaintiff,                                      :   **MOTION FOR DEFAULT**
                                                                    :
      -against-                                                     :
                                                                    :
FRANKLIN TOWERS ENTERPRISES,             :   ECF CASE
INC., a Nevada corporation,                                         :
                                                                    :
                    Defendant.                                      :
------------------------------------------------------------------ x

        Plaintiff Professional Offshore Opportunity Fund, Ltd. ("PROOF"), by its attorneys

Sullivan & Worcester LLP, respectfully moves this Court for a default judgment against

defendant Franklin Towers Enterprises, Inc. ("Franklin") for Franklin's failure to answer or

otherwise respond to the Summons and Complaint served on it on May 16, 2008.

**FACTS**

**A.      Breach of the Subscription Agreement and Promissory Note**

        This action arises out of Franklin's breach of contract and nonpayment of a promissory

note held by PROOF.  On or about September 12, 2007, Franklin and PROOF entered into a

{N0119508; 1}

subscription agreement, (the "Subscription Agreement," Exhibit A to the Complaint)[1], pursuant

to which Franklin issued to PROOF a Secured Convertible Promissory Note (the "Note," Exhibit

B to the Complaint), dated as of September 12, 2007, in the principal amount of $500,000.

The material terms of the Note are governed by New York law and are summarized as

follows:

a.  Interest Rate (pre-default): 10% per annum.

b.  Interest Rate (post-default): 15% per annum.

c.  Schedule of Monthly Amortization Payments: due on the sixth month anniversary
    date of the Note, *i.e.*, March 12, 2008, and on the same day each month thereafter
    until the Note is fully paid.

d.  Minimum Payment Amounts: 5.55% of the initial principal (*i.e.,* $27,500),
    accrued but unpaid interest, plus any other amounts due under the Note (including
    liquidated damages for failing to file a registration statement covering the shares
    eligible for conversion under the Note).

e.  Payment of Monthly Amount: if in cash, payment must equal 115% percent of the
    principal amount due and 100% of all other amounts due or, if in common stock
    (but only if the shares are registered), the number of shares required under the
    conversion formula established in the Note.

*See* Complaint at 8.

Pursuant to the Subscription Agreement, Franklin agreed to file a Form SB-2 registration

by December 12, 2007 so that the registration would become effective on March 12, 2008.

---

[1] The Complaint is attached as Exhibit 1 to the accompanying Declaration of Andrew T. Solomon, dated June 30, 2008, hereinafter ("Solomon Decl.").

Additionally, on March 12, 2008, Franklin was obligated to pay the principal and interest due pursuant to the terms of the Note. *See id* at ¶ 9.

Franklin did not timely file the Form SB-2 registration, and to date, the registration is not effective. Franklin also failed to pay the principal and interest due on the Note. *See id*. at ¶ 10.

For failure to effect registration by March 12, 2008, the agreement obligated Franklin to pay PROOF liquidated damages set at 2% of the principal amount outstanding under the Note for each 30-day period of delay, measured pro rata. *See id*. at ¶ 9. Franklin failed to pay the accrued liquidated damages. *See id*. at ¶ 12.

On April 2, 2008, pursuant to its rights and obligations under the Subscription Agreement and Note, PROOF's counsel issued a notice of default, acceleration and demand for full and immediate payment to Franklin and its counsel. *See id*. at ¶ 14. While Franklin has not contested PROOF's notice of default, it has not paid the amounts due under the Note and Subscription Agreement. *See id*. at ¶ 15. Additionally, § 13(d) of the Subscription Agreement entitles the prevailing party to its attorney's fees and costs in connection with the action and collection. *See id*. at Exhibit A.

### B.    Franklin's Breaches Caused Substantial Damages

Franklin's failure to pay the amounts due under the Note and the Subscription Agreement constitutes a material breach of those agreements and has caused PROOF the following damages:

- 115% of the principal balance of $500,000: $575,000.

- Pre-default interest on $500,000 from September 12, 2007 to March 12, 2008 at the rate of 10-percent per annum: $25,000.

- Post-default interest on $500,000 at the rate of 15% per annum: $208.33 per day until the date of judgment, or $23,125.00 as of July 1, 2008.

- Liquidated damages for late filing of the registration statement: $4,666.67.

- Liquidated damages for late effectiveness of the registration statement (from March 12, 2008 to the date of effectiveness): $333.33 per day, or $37,000 as of July 1, 2008.

- Attorneys' fee and costs of this lawsuit and collection: $10,591.16 as of July 1, 2008.

*See* Solomon Decl. at ¶ 7.

**C.    PROOF's Initiation of the Action and Franklin's Default**

On April 21, 2008, PROOF filed the Complaint in this action, and on May 16, 2008, Jeannie Smith of Legal Process Service personally served the Summons, Complaint and Rule 7.1 Statement on Richard Teausaw, who is duly authorized to accept service on Franklin's behalf, as an employee of Eastbiz.com Inc., Franklin's registered agent, at 5348 Vegas Dr., Las Vegas, NV 89109. *See id*. at ¶ 2-4, and Exhibit 2. On June 6, 2008, PROOF filed Ms. Smith's affidavit of service with this Court. *See id*. at ¶ 4.

With more than 20 days having passed since Franklin was served with the Summons and Complaint, Franklin defaulted by failing to answer or otherwise respond to the Summons and Complaint. *See id*. at ¶ 5. On June 17, 2008, the Clerk of this Court, at PROOF's request, certified the default against Franklin in this action. *See id*. at ¶ 6.

To date, Franklin has not answered, moved or otherwise responded to the Summons and Complaint. *See id.* at ¶ 5.

PROOF now seeks an order directing the entry of judgment in favor of PROOF and against Franklin for the relief demanded in the Complaint.

**ARGUMENT**

Rule 55 of the Federal Rules of Civil Procedure permit this court to enter judgment against a defendant who fails to answer or otherwise respond to the summons and complaint in the permitted time.  The process of obtaining a default judgment involves two steps:  the non-defaulting party must first request the clerk to certify the default under Rule 55(a) and, second, apply for a default judgment pursuant to Rule 55(b).

On June 17, 2008, the clerk certified Franklin's default, in accordance with Rule 55(a) because PROOF sufficiently demonstrated all of the elements of Franklin's default.  In its request to certify the default, PROOF submitted the Affidavit of Andrew T. Solomon, dated June 16, 2008, stating that (1) PROOF filed the Complaint; (2) Franklin was properly served with the Summons and Complaint; (3) the affidavit of service was filed with the Court; (4) more than 20 days had passed and Franklin had not answered or otherwise responded to the Summons and Complaint.  The affidavit of service filed in this action states that the Summons and Complaint were personally served on an individual authorized to accept service on behalf of Franklin, as an employee of its registered agent Eastbiz.com, Inc.  This constitutes proper service on Franklin under Rule 4(h)(1) of the Federal Rules of Civil Procedure.

PROOF now seeks a default judgment from the court pursuant to Rule 55(b)(2).  At this time, the Court should find that by virtue of Franklin's default, Franklin has conceded liability to PROOF of the well-pleaded allegations in the Complaint.  *See Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  As described above, the Complaint alleges that Franklin entered into a Subscription Agreement with PROOF and Franklin issued the Note to PROOF.  The Note and the Subscription Agreement required Franklin to take certain actions with regard to registration and make certain payments to PROOF.  PROOF performed its

obligations under the Subscription Agreement and Note, but Franklin breached its registration and payment obligations. As a result of Franklin's breaches, PROOF has been damaged. This Court should therefore find that Franklin is liable for its breaches that PROOF articulated in the Complaint.

After deciding that a default judgment is appropriate, the court may rely on affidavits and documentary evidence to calculate the amount of damages in lieu of a hearing. *See Fustok v. ContiCommodity Svces., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) The documentary evidence submitted here includes the Declaration of Andrew T. Solomon, the Complaint with the Subscription Agreement and Promissory Note attached (Solomon Decl. Ex 1), and a spreadsheet showing the computation of damages (Solomon Decl. Ex. 4). These documents demonstrate each component of PROOF's damages, including:

- 115% of the principal balance of $500,000: $575,000.

- Pre-default interest on $500,000 from September 12, 2007 to March 12, 2008 at the rate of 10-percent per annum: $25,000.

- Post-default interest on $500,000 at the rate of 15% per annum: $208.33 per day until the date of judgment, or $23,125.00 as of July 1, 2008.

- Liquidated damages for late filing of the registration statement: $4,666.67.

- Liquidated damages for late effectiveness of the registration statement (from March 12, 2008 to the date of effectiveness): $333.33 per day, or $37,000 as of July 1, 2008.

- Attorneys' fee and costs of this lawsuit and collection: $10,591.16 as of July 1, 2008.


As noted above, PROOF is entitled to its reasonable attorney's fees and costs associated with this action and collection, pursuant to the Subscription Agreement. Therefore, with the

{N0119508; 1}

basis and calculation of the damages having been established by the documentary evidence

submitted, no hearing on the issue of damages is necessary to award the default judgment.

## CONCLUSION

For all the reasons stated above, the Court should grant Professional Offshore

Opportunities Fund, Ltd.'s motion and enter judgment of default against Franklin Towers

Enterprises, Inc.


Dated: New York, New York            SULLIVAN & WORCESTER LLP
       June 30, 2008


By: s/ Gretchen Silver_____
    Andrew T. Solomon (AS 9200)
    Gretchen S. Silver (GS 1534)
    1290 Avenue of the Americas, 29th Floor
    New York, NY 10104
    (212) 660-3000

    *Attorneys for Plaintiff Professional Offshore*
    *Opportunities Fund, Ltd.*

{N0119508; 1}